## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

GEORGE HOBSON,

     Plaintiff,

v.

RESURGENT CAPITAL SERVICES, LP,

     Defendant.

Case No: 4:23-cv-2760

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Resurgent Capital Services, LP ("Resurgent") answers Plaintiff's Complaint as follows:

**For each paragraph below, Resurgent quotes Plaintiff's allegations and responds accordingly in bold.**

Plaintiff George Hobson, by and through the undersigned counsel, complains, states, and alleges against Defendant Resurgent Capital Services, LP, as follows:

### INTRODUCTION

1.    This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**ANSWER:  Resurgent admits that Plaintiff has sued under the FDCPA. Resurgent denies that it violated the FDCPA and further denies that Plaintiff is entitled to any recovery whatsoever in this case.**

-1-

<u>**JURISDICTION AND VENUE**</u>

2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).  The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

**<u>ANSWER:</u>  At this time Resurgent lacks knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 2.**

3.  This court has jurisdiction over Defendant Resurgent Capital Services, LP because it regularly conducts and transacts business in this state, Resurgent Capital Services, LP is located in this District, part of the conduct complained of herein occurred in this Judicial District, and Plaintiff resides in this District.

**<u>ANSWER:</u>  Denied. Resurgent does not transact business in Texas. *See* Tex. Business Organizations Code § 9.251.**

4.  Venue is proper in this Judicial District under 28 U.S.C. § 139l(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

**<u>ANSWER:</u>  Venue is not contested.**

<div align="center">**<u>PARTIES</u>**</div>

5.  Plaintiff George Hobson ("Plaintiff) is a natural person who is a citizen of the State of Texas residing in Conroe, Texas.

**<u>ANSWER:</u> Admitted.**

6.     Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

**ANSWER:   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 7.**

7.     Defendant Resurgent Capital Services, LP ("RCS") is a company existing under the laws of the State of South Carolina, with its principal place of business in Columbia, South Carolina.

**ANSWER: Denied.**

8.     RCS has transacted business within this state as is more fully set forth hereinafter in this Complaint.

**ANSWER:  Denied. Resurgent does not transact business in Texas. *See* Tex. Business Organizations Code § 9.251.**

9.     RCS regularly collects or attempts to collect debts asserted to be owed to others.

**ANSWER: Admitted.**

10.    RCS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

**ANSWER: Admitted in part. Some, but not all of the debts collected by Resurgent are owed by consumers.**

11.    The principal purpose of RCS's business is the collection of such debts.

**ANSWER: Denied.**

12.     RCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

**ANSWER:  Admitted.**

13.     RCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**ANSWER:   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 14.**

### FACTUAL ALLEGATIONS

14.     Resurgent alleges Plaintiff owes a debt to LVNV Funding LLC for a personal account previously owed to Synchrony Bank ("Synchrony").

**ANSWER:  Admitted that Plaintiff owes a debt to LVNV Funding LLC for an account previously owed to Synchrony Bank. At this time Resurgent lacks knowledge or information sufficient to form a belief as to the remaining matters alleged in Paragraph 15.**

15.     In an attempt to collect the alleged debt, Resurgent contacted Plaintiff directly.

**ANSWER:  Admitted.**

16.     Prior to receiving communications directly from Resurgent, Plaintiff retained counsel to assist Plaintiff with the Synchrony debt, and on December 6,2019, then again on January 9, 2020, Plaintiff's counsel, The Ferrer Law Firm, PA, notified Synchrony of its representation of Plaintiff and demanded all further communications to cease directly with Plaintiff.

**ANSWER:  Denied. The Ferrer Law Firm, P.A. is a Florida law firm whose sole officer and director is Alex Ferrer.** *See* **Exhibit A. Mr. Ferrer is not a member of the Texas Bar.** *See* **Exhibit B. No member of his firm is a member of the Texas Bar.** *See* **Exhibit C.**

17.    Sometime thereafter, the alleged debt was allegedly sold, transferred, and/or assigned to LVNV Funding LLC for purposes of collection.

**ANSWER:   Resurgent admits that LVNV Funding, LLC is the owner of the debt.**

18.    It is standard practice for a creditor to inform downstream entities of attorney representations and cease and desists.

**ANSWER:  Denied.**

19.    Upon information and belief, LVNV Funding LLC was notified by Synchrony of Plaintiff's attorney's representation in the sale file(s).

**ANSWER:  Denied. As a matter of law, Ferrer Law Firm and Alex Ferrer could not have been Plaintiff's attorneys.** *See* **Tex. Penal Code § 38.123.**

20.    Upon information and belief, LVNV Funding LLC was notified by Synchrony of the cease and desist in the sale file(s).

**ANSWER:  Denied. As a matter of law, Ferrer Law Firm and Alex Ferrer could not have been Plaintiff's attorneys.** *See* **Tex. Penal Code § 38.123.**

21.    Thereafter, LVNV Funding LLC placed, transferred, and/or assigned the alleged debt to RCS for purposes of collection on behalf of LVNV

Funding LLC.

**ANSWER:  Admitted.**

22.    Upon information and belief, RCS was notified of Plaintiff's attorney's representation either in the placement file(s) or via the client portal LVNV Funding LLC provides the debt collectors it retains to collect debts on its behalf.

**ANSWER:  Denied. As a matter of law, Ferrer Law Firm and Alex Ferrer could not have been Plaintiff's attorneys.** *See* **Tex. Penal Code § 38.123.**

23.    It is standard practice for debt collectors to inform downstream entities of attorney representations and cease and desists.

**ANSWER:  Denied.**

24.    Upon information and belief, RCS was notified of Plaintiff's cease and desist either in the placement file(s) or via the client portal LVNV Funding LLC provides the debt collectors it retains to collect debts on its behalf.

**ANSWER:  Denied. As a matter of law, Ferrer Law Firm and Alex Ferrer could not have been Plaintiff's attorneys.** *See* **Tex. Penal Code § 38.123. Furthermore, a notice to a creditor to cease and desist is of no effect under the FDCPA. Creditors are not subject to the FDCPA, and 15 U.S.C. § 1692c(c) requires a consumer to notify the "debt collector in writing" of the request to cease communications.**

25.    Alternatively, if RCS did not receive notice of Plaintiff's attorney's representation and/or cease and desist when LVNV Funding LLC

transferred, assigned, or placed the debt with RCS for purposes of collection on behalf of LVNV Funding LLC and did not have access to Plaintiff's attorney's representation and/or cease and desist via LVNV Funding LLC's client portal it provides to its debt collectors, then RCS intentionally or negligently lacks sufficient policies and procedures because it failed to inquire with LVNV Funding LLC prior to attempting to collect the debt from Plaintiff whether Plaintiff was represented by counsel and/or whether Plaintiff previously provided a written cease and desist from further communications directly with Plaintiff.

**ANSWER:  Denied. As a matter of law, Ferrer Law Firm and Alex Ferrer could not have been Plaintiff's attorneys.** *See* **Tex. Penal Code § 38.123. Furthermore, a notice to a creditor to cease and desist is of no effect under the FDCPA. Creditors are not subject to the FDCPA, and 15 U.S.C. § 1692c(c) requires a consumer to notify the "debt collector in writing" of the request to cease communications.**

26.    In spite of Plaintiffs counsel's representation, RCS a letter directly to Plaintiff on behalf of LVNV Funding LLC, dated November 11, 2022.

**ANSWER:  Denied. As a matter of law, Ferrer Law Firm and Alex Ferrer could not have been Plaintiff's attorneys.** *See* **Tex. Penal Code § 38.123.**

27.    In fact, RCS has a pattern and practice of contacting consumers directly who are represented by counsel.

**ANSWER:  Denied.**

28.    In spite of Plaintiffs cease and desist, RCS a letter directly to Plaintiff on behalf of LVNV Funding LLC, dated November 11, 2022.

**ANSWER:   Resurgent admits that it sent a letter to Plaintiff. The remainder of Paragraph 29 is denied.**

29.    In fact, RCS has a pattern and practice of contacting consumers  who  have previously provided a written cease and desist from further communication.

**ANSWER: Denied.**

30.    Plaintiff's counsel once again had to provide notice of its representation, and on December 2 2022, Plaintiff's counsel, The Ferrer Law Firm, PA, notified RCS of its representation of Plaintiff and demanded all further communications to cease directly with Plaintiff.

**ANSWER:  Denied. As a matter of law, Ferrer Law Firm and Alex Ferrer could not have been Plaintiff's attorneys. *See* Tex. Penal Code § 38.123.**

31.    The November 11, 2022 letter was received and read by Plaintiff.

**ANSWER:   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 32.**

32.    Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "Validation Notice," that contains relevant information about the alleged debt and how to dispute it.

**ANSWER:  Denied as an incomplete, and therefore inaccurate statement**

**of the law.**

33.    Pursuant to the FDCPA § 1692g(a), the debt collector must:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3)              a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)              a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)              a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**ANSWER:  Denied as an incomplete, and therefore inaccurate statement**

**of the law.**

34.    Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation

period means the period starting on the date that a debt collector provides

the validation information required by paragraph (c) of this section and ending

30 days after the consumer receives or is assumed to receive the validation

information. For purposes of determining the end of the validation period,

the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

**ANSWER:  Admitted that Paragraph 35 purports to quote Reg. F. Denied that the quoted portion is of any legal effect. The law of this circuit is that regulations adopted by the CFPB utilizing unconstitutional funding are invalid. *Cmty. Fin. Servs. Ass'n of Am. v. Consumer Fin. Prot. Bureau*, 51 F.4th 616 (5th Cr. 2022).**

35.    The letter states, in the relevant part, "**Call or write to us by December 16, 2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct."

**ANSWER:  Admitted.**

36.    The letter provided Plaintiff a deadline of December 16, 2022, to dispute the alleged debt, request validation, and/or request the name and address of the original creditor.

**ANSWER:  Admitted.**

37.    Upon information and belief, the letter was not mailed on November 11, 2022.

**ANSWER:  Denied.**

38.    Upon information and belief, the letter was mailed on a date later than November 11, 2022.

**ANSWER:  Denied.**

39.    Even if the letter was mailed on November 11, 2022, the deadline for Plaintiff to dispute the alleged debt and/or request validation is not December 16, 2022.

**ANSWER:  Denied.**

40.    Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is a later date.

**ANSWER:  Denied.**

41.    The Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

**ANSWER:  Denied.**

42.    Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, " ... Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

**ANSWER:  Admitted that this is a partial  quote from the statute. Denied that Resurgent violated this provision.**

43.    By providing a validation deadline date of December 16, 2022, RCS overshadowed Plaintiffs rights.

**ANSWER:  Denied.**

44.    By providing a validation deadline date of December 16, 2022, RCS does not provide Plaintiff the full thirty days.

**<u>ANSWER:</u>  Denied.**

45.    By providing a validation deadline date of December 16, 2022, RCS shortened the requisite validation period.

**<u>ANSWER:</u>  Denied.**

46.    The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority.  As such, all references to Defendant in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

**<u>ANSWER:</u>  Denied.**

47.    Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

**<u>ANSWER:</u>  Denied.**

48.    Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

**<u>ANSWER:</u>  Denied.**

49.    Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

**<u>ANSWER:</u>  Denied.**

50.    Plaintiff justifiably fears that, absent this Court's intervention,

Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

**ANSWER:  Denied.**

51.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued.

**ANSWER:  Denied.**

52.   A favorable decision herein would serve to deter Defendant from further similar conduct.

**ANSWER:  Denied, as Defendant did not commit the alleged violations.**

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)**

53.   Plaintiff repeats and realleges paragraphs 1 to 52 as if fully restated herein.

**ANSWER:  Resurgent repeats and realleges its responses to Paragraphs 1 to 52 as if fully restated herein.**

54.   The Plaintiff is a "consumer" as that term defined by the FDCPA.

**ANSWER:   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 55 of the Complaint.**

55.   RCS is a "debt collector" as that term is defined by the FDCPA.

**ANSWER:  :  At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 56 of the Complaint.**

-13-

56.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

**<u>ANSWER:</u>   :   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 57 of the Complaint.**

57.    Each letter and email is a "communication" as that term is defined by the FDCPA.

**<u>ANSWER:</u>   :   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 58 of the Complaint.**

58.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

**<u>ANSWER:</u>   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 59 of the Complaint.**

59.    15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address... "

**<u>ANSWER:</u>   Admitted that Plaintiff purports to quote a portion of the**

FDCPA. **Resurgent denies that it violated the FDCPA.**

60.    RCS's communications demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that RCS knew that Plaintiff was represented by counsel regarding the alleged debt or was sent directly to Plaintiff when RCS could have readily ascertained Plaintiff's attorney's information, in violation of 15 U.S.C. § 1692c(a)(2) of the FDCPA.

**ANSWER:    Admitted that Resurgent wrote to plaintiff directly. The remainder of paragraph 61 is denied.**

61.    15 U.S.C. § 1692c(c) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "If a consumer notifies a debt collector in writing ...  that the consumer wishes the debt collector to cease further communication with the consumer."

**ANSWER:    Admitted that Plaintiff purports to quote a portion of the FDCPA. Resurgent denies that it violated the FDCPA.**

62.    RCS's communications demanded payment from Plaintiff directly and was not sent to Plaintiff's attorney, despite the fact that RCS knew that Plaintiff previously provided a written cease and desist from further communication directly, in violation of 15 U.S.C. § 1692c(c) of the FDCPA.

**ANSWER:    Admitted that Resurgent wrote to plaintiff directly. The remainder of paragraph 63 is denied.**

63.    For the foregoing reasons, RCS violated 15 U.S.C. §§ 1692c(a)(2)

and 1692c(c) and is therefore liable to Plaintiff.

**ANSWER: Denied.**

<div align="center">

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g(b)**

</div>

64.    Plaintiff repeats and realleges paragraphs 1 to 52 as if fully restated herein.

**ANSWER:  Resurgent repeats and realleges its responses to Paragraphs 1 to 64 as if fully restated herein.**

65.    The Plaintiff is a "consumer" as that term defined by the FDCPA.

**ANSWER:   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 66 of the Complaint.**

66.    RCS is a "debt collector" as that term is defined by the FDCPA.

**ANSWER:   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 67 of the Complaint.**

67.    The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

**ANSWER:   At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 68 of the Complaint.**

68.    Each letter and email is a "communication" as that term is defined by the FDCPA.

**ANSWER:** **At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 69 of the Complaint.**

69.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

**ANSWER:** **At this time Resurgent lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 70 of the Complaint.**

70.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

**ANSWER:** **Admitted that Plaintiff purports to summarize a portion of the FDCPA. Resurgent denies that it violated the FDCPA.**

71.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

**ANSWER:** **Admitted that Plaintiff purports to summarize a portion of the FDCPA. Resurgent denies that it violated the FDCPA.**

-17-

72.     The letter states, in the relevant part, **"Call or write to us by December 16, 2022, to dispute all or part of the debt.** If you do not, we will assume that our information is correct."

**<u>ANSWER:</u>  Admitted.**

73.     The letter provided Plaintiff a deadline of December 16, 2022, to dispute the alleged debt, request validation, and/or request the name and address of the original creditor.

**<u>ANSWER:</u>  Admitted.**

74.     Upon information and belief, the letter was not mailed on November 11, 2022.

**<u>ANSWER:</u>  Denied.**

75.     Even if the letter was mailed on November 11, 2022, the deadline for Plaintiff to dispute the alleged debt and/or request validation is not December 16, 2022.

**<u>ANSWER:</u>  Denied.**

76.     Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is a later date.

**<u>ANSWER:</u>  Denied.**

77.     The Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

**<u>ANSWER:</u>  Denied.**

78.     By providing a validation deadline date of December 16, 2022,

RCS overshadowed Plaintiffs rights.

**ANSWER:  Denied.**

79.    By providing a validation deadline date of December 16, 2022, RCS does not provide Plaintiff the full thirty days.

**ANSWER:  Denied.**

80.    By providing a validation deadline date of December 16, 2022, RCS shortened the requisite validation period.

**ANSWER:  Denied.**

81.    As such, RCS did not accurately set forth the deadline for Plaintiff to dispute the alleged debt as required by 15 U.S.C. § 1692g(a)(3).

**ANSWER:  Denied.**

82.    Pursuant to the 15 U.S.C. § 1692g(b), in relevant part, "... Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

**ANSWER:  Admitted that Plaintiff purports to quote a portion of the FDCPA. Resurgent denies that it violated the FDCPA.**

83.    Pursuant to Regulation F of 12 CFR § 1006.34(b)(5) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period,

the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

**ANSWER:  Admitted that Paragraph 84 purports to quote Reg. F. Denied that the quoted portion is of any legal effect. The law of this circuit is that regulations adopted by the CFPB utilizing unconstitutional funding are invalid. *Cmty. Fin. Servs. Ass'n of Am. v. Consumer Fin. Prot. Bureau*, 51 F.4th 616 (5th Cir. 2022).**

84.    By providing a concrete deadline, not taking into consideration the FDCPA validation period, as well as 12 CFR § 1006.34(b)(5), RCS has shortened the requisite validation period and overshadowed Plaintiffs rights.

**ANSWER:  Denied.**

85.    For the foregoing reasons, RCS violated 15 U.S.C. § 1692g(b), and is liable to Plaintiff therefor.

**ANSWER:  Denied.**

### <u>JURY DEMAND</u>

86.    Plaintiff hereby demands a trial of this action by jury.

**ANSWER:**

### <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

-20-

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiffs attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

**<u>ANSWER:</u>  Resurgent denies that Plaintiff is entitled to any such relief.**

**<u>AFFIRMATIVE AND ADDITIONAL DEFENSES</u>**

Resurgent alleges the following additional and affirmative defenses:

1. Resurgent specifically denies that Plaintiff gave notice to it that he was represented by a Texas attorney.

2. Resurgent specifically denies that Plaintiff gave notice to Synchrony Bank that he was represented by a Texas attorney.

3. Resurgent denies that Plaintiff is entitled to or should recover statutory damages in any amount.  *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010).

4. Resurgent pleads that if Plaintiff does have any actual damages, such damages are subject to the defense of failure to mitigate. Plaintiff failed to take reasonable steps to lessen or avoid such alleged damages as she failed to communicate the existence of an alleged dispute.

5. Resurgent denies the Plaintiff has suffered any damages as a result of any act, error, or omission of this Defendant.

6.     Resurgent asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

WHEREFORE, PREMISES CONSIDERED, Defendant Resurgent prays that Plaintiff take nothing in this action. Defendant further prays for its costs together with all such other and further relief, at law or in equity, to which it may be justly entitled.

DATED: August 24, 2023

<div style="margin-left:40%">

Respectfully submitted,

/s/ <u>Manuel H. Newburger</u>
Manuel H. Newburger
TX Bar No. 14946500; S.D. Tex. No. 23234
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANT

</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 24, 2023, a true copy of the foregoing Answer was served via the Court's ECF system and via email to the parties listed below.

/s/ Manuel H. Newburger
Manuel H. Newburger

**Service List:**

Gregory M. Klote
Halvorsen Klote
680 Craig Road, Suite 104 St.
Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
E: greg@hklawstl.com
**ATTORNEYS FOR PLAINTIFF**